OPINION
{¶ 1} Cordella Ormes was indicted on two counts of felonious assault — both second degree felonies — which arose out of knife injuries Ormes inflicted on Steven Moore. Ormes pleaded no contest to one count in return for the dismissal of the other count and the State's recommendation that she be sentenced to community control sanctions. The court found Ormes guilty and, after receiving a presentence investigation, sentenced her to a minimum term of incarceration of two years.
 {¶ 2} On appeal, Ormes advances a single assignment of error:
 {¶ 3} "Appellant's plea is not valid inasmuch as it was not knowingly, intelligently and voluntarily made."
 {¶ 4} Prior to entering her plea, Ormes had entered a plea of not guilty by reason of insanity and a suggestion of incompetency. The court ordered examinations as to Ormes' sanity at the time of the offense and competency to stand trial. On the basis of the reports of these examinations, Ormes withdrew her plea of NGRI and stipulated, on the day of her plea, to her present competence to stand trial.
 {¶ 5} Notwithstanding these determinations of sanity and competence, Ormes asserts on appeal that her no contest plea was invalid due to her mental condition, as manifested by the transcript of her no contest plea. After examination of that transcript, we disagree.
 {¶ 6} Ormes' primary basis for asserting that she did not understand the nature of her no contest plea was her insistence that she had acted in self-defense.
 {¶ 7} The first instance of Ormes' claim of self-defense at the plea proceeding was as follows:
 {¶ 8} "MS. PHIPPS (prosecutor): That on or about February 7, 2003, Montgomery County, state of Ohio, this defendant, Cordella Ormes, did knowingly cause or attempt to cause physical harm to another person, being Steven Moore, by means of a deadly weapon or dangerous ordinance, in this case, a knife.
 {¶ 9} "THE COURT: Miss Ormes, do you understand the nature of that charge, what that charge means?
 {¶ 10} "MS. ORMES: Well, it was self defense.
 {¶ 11} "MR. BAILEY (defense counsel): He's not asking.
 {¶ 12} "MS. ORMES: I understand
 {¶ 13} "MR. BAILEY: Do you understand the charge?
 {¶ 14} "THE COURT: Just wanted to make sure you understand what the —
 {¶ 15} "MS. ORMES: I understand, your Honor.
 {¶ 16} "THE COURT: You do understand?
 {¶ 17} "MS. ORMES: It was self defense.
 {¶ 18} "THE COURT: Okay, but my question to you is, do you understand what the charge of felonious assault means?
 {¶ 19} "MS. ORMES: Yes, your Honor."
 {¶ 20} The second instance of Ormes' claim of self-defense occurred during the following colloquy between the court and Ormes.
 {¶ 21} "THE COURT: One other thing I want to add. Miss Ormes, you're pleading to a second degree felony. Now, the law of Ohio is any person who pleads no contest to a second degree felony, is convicted of a second degree felony, then the presumed sentence is a prison sentence and not probation. That's the presumed sentence. The court has to go along with that presumption unless the court can make two findings. First finding is that community control sanctions or probation would adequately punish you and protect the public from any future crime. That's the first finding. And the second finding is that community control sanctions would not demean the seriousness of the offense that was committed here.
 {¶ 22} "If the court can make both of these findings, then, Miss Ormes, the court can consider you for probation. If the court cannot make both findings, then the Court cannot consider probation. Do you understand that aspect of the law?
 {¶ 23} "MS. ORMES: Not really.
 {¶ 24} "THE COURT: Let me back up for a second here. Because this is a serious felony, a felony of the second degree, the law says to the judge, you should send the defendant to prison. That's what you should do. That's the presumed thing to do unless, Judge, you can make two findings. First finding you have to make, Judge, is that probation would punish the defendant sufficiently and also that probation would protect the public from any future crime that would be committed by the defendant. That's the first finding.
 {¶ 25} "And the second finding is that probation would not demean, would not treat very lightly the seriousness of the offense. It would be a sufficiently serious punishment given what the crime is. Now, if the court can make all of those findings that I've just told you then, yes, the court can consider you for probation. If the court cannot, then the court must send you to prison. That's what the law is. I want to make sure you understand what the law is.
 {¶ 26} "MS. ORMES: I fully understand, your Honor, but it was self defense.
 {¶ 27} "THE COURT: I understand that.
 {¶ 28} "Now, let me say this to you now. Pleading no contest, all right, what pleading no contest means is that you are not admitting you're guilty and I hear you say you're not admitting you're guilty because it was self defense but because you're pleading no contest, the court, based on the facts contained in the charge read a few minutes ago, based on those facts the court is going to find you guilty.
 {¶ 29} "So, do you understand you're going to be found guilty and then the case will be set for sentencing? There's no chance you're going to be found not guilty based on your claim of self defense. Do you understand that?
 {¶ 30} "MS. ORMES: Yes, your Honor, I understand"
 {¶ 31} Although Ormes claimed she acted in self-defense, the transcript satisfies us that she understood the charge to which she was pleading no contest, that she would be found guilty of that charge, and that she was not going to be found not guilty on account of her claim of self-defense.
 {¶ 32} A lay person's claim of self-defense is not necessarily inconsistent with his or her plea of no contest to felonious assault, or necessarily indicative of a lack of understanding of the nature and effect of the plea.
 {¶ 33} What a person may perceive to be self-defense may not satisfy the elements of the legal defense of self-defense, or be provable by a preponderance of the evidence given the totality of the evidence in a particular case.
 {¶ 34} Furthermore, a person might forego a trial where he or she could assert self-defense where, as here, the State recommends lenient sentencing in return for a guilty or no contest plea.
 {¶ 35} In short, we have no reason to believe that Ormes didn't appreciate what she was doing because of her statements that she had acted in self-defense.
 {¶ 36} In so concluding, we are also mindful that Ormes was represented by experienced criminal defense counsel who, we are confident, discussed with Ormes the potential for success or failure at trial should she assert the defense of self-defense. Finally, we must be deferential to the trial court's determination — made after personally engaging Ormes in conversation — that Ormes understood what she was doing.
 {¶ 37} Ormes next points to her response "Not really" to the court's question as to whether she understood the findings the court was required to make before it could rebut the presumption in favor of a prison sentence in a second degree felony case. As is manifest from the above-quoted dialogue between Ormes and the court, the court re-explained this matter to Ormes, after which she said "I fully understand . . ."
 {¶ 38} During the course of the plea proceedings, Ormes told the court "I fully understand" the negotiated terms of the plea, that she understood the potential penalties she faced, that she understood she would face eight years in prison if she violated community control sanctions, and that she "pretty well" understood the rights she was giving up by pleading no contest. Later, this dialogue occurred between the court and Ormes:
 {¶ 39} "THE COURT: Any questions? Do you have any questions, anything you don't understand as far as what the court has covered this morning?
 {¶ 40} "MS. ORMES: Well, a little bit. It's, like, I have never been in any trouble.
 {¶ 41} "THE COURT: What I'm asking you, what I've explained to you, do you have any questions about what the court has explained to you?
 {¶ 42} "MS. ORMES: No. You pretty well made yourself understandable, your Honor."
 {¶ 43} The trial court reasonably determined that Ormes' plea was knowing, voluntary, and intelligent.
 {¶ 44} The assignment of error is overruled.
 {¶ 45} The judgment will be affirmed.
Judgment affirmed.
Brogan and Grady, JJ., concur.